# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR VENTURA, JR., | CASE NO. 1:07-cv-01534-AWI-GSA PC |
| Plaintiff, | FINDING AND RECOMMENDATION RECOMMENDING ACTION BE DISMISSED, WITH PREJUDICE, AS TIME BARRED |
| v. | |
| JAMES TILTON, SECRETARY, et al., | (Doc. 1) |
| Defendants. | OBJECTION DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Complaint**

Plaintiff Salvador Ventura, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 22, 2007. (Doc. 1, Comp.) Plaintiff's claims arise from his validation as member of the Mexican Mafia on March 12, 1990, and the resulting imposition of an indeterminate term in the Security Housing Unit ("SHU"). (Id., ¶¶6-11.) Plaintiff ultimately spent seventeen years in the SHU before being released on October 26, 2005. (Id., ¶¶10, 11.) Plaintiff alleges that his placement in the SHU violated his rights under the United States Constitution and under California law, and he seeks money damages for the violation of his rights.[1]

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

---

[1] Plaintiff's request for the appointment of counsel, set forth in his complaint, is addressed in a separate order.

1

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.    Statute of Limitations**

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitation, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914. Although California's statute of limitations for personal injury actions was extended from one year to two years effective January 1, 2003, the two-year statute of limitations does not apply retroactively to claims that accrued prior to January 1, 2003, and as a result, the one-year statute of limitations applies in this case. Cal. Civ. Proc. Code § 335.1 (West 2008); Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.

In actions where the federal court borrows the state statute of limitation, courts should also borrow all applicable provisions for tolling the limitations period found in state law. Jones, 393 F.3d at 927. Under California law, prisoners who at the time the cause of action accrued were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction enjoy a two-year tolling provision for damages actions. Cal. Civ. Proc. Code § 352.1 (West 2008). Section 352.1 became effective on January 1, 1995. "[C]laims . . . that accrued prior to January 1, 1995 are tolled for two years from accrual, or until January 1, 1995, whichever occurs later, as long as such an application does not result in manifest injustice." Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999).

///

///

Applying the latter of the two dates, Plaintiff's claims were tolled until January 1, 1995, at which time the one year statute of limitations began to run.  This suit, brought more than a decade later, is time barred.

### III.   Conclusion and Recommendation

The claims at issue in this action accrued in 1990, when Plaintiff was assessed the indeterminate SHU term.  Plaintiff's claims became time barred in 1996.  Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 5, 2008**             /s/ **Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE